08UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADRIAN SANTANA,

       Plaintiff,

  v.                  No. 11-CV-443
                         (TJM/DRH)
M. WARNER, Registered Nurse, Bare Hill
Correctional Facility,

       Defendant.

---

**APPEARANCES:**            **OF COUNSEL:**

ADRIAN SANTANA
Plaintiff Pro Se
08-R-3811
Bare Hill Correctional Facility
Post Office Box 999
Coxsackie, New York 12051

HON. ERIC T. SCHNEIDERMAN      ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the          Assistant Attorney General
 State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

  Plaintiff pro se Adrian Santana ("Santana"), an inmate formerly in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant M. Warner ("Warner"), a nurse employed by DOCCS, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending is Warner's motion for summary judgment pursuant

---

  [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

to Fed. R. Civ. P. 56.  Dkt. No. 12.  Santana has failed to respond to the motion.  For the following reasons, it is recommended that Warner's motion for summary judgment be granted.

### I. Background

While incarcerated at Bare Hill Correctional Facility, Santana injured his finger.  Defs. Statement of Material Facts (Dkt. No. 12-2) ¶ 2.  Three days later, on April 19, 2010, Santana saw Warner for medical attention related to his injury.  Id ¶ 3.  Warner sent Santana back to his cell and informed him she would recommend that he see a physician about his finger.  Compl. ¶ 8.  On April 27, 2010, Santana saw the physician, who recommended that he be taken to an outside hospital for further treatment.  Id. ¶ 9.

Santana did not submit any grievance or appeal concerning the alleged denial or delay of medical treatment to the Inmate Grievance Committee.[2]  Defs. Statement ¶ 4.  Santana reached his maximum expiration date and was released from prison on August 22, 2011. Id. ¶ 5; see also NYS DOCCS Inmate Information Website (visited Nov. 28, 2011), <http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000>.  Since September 7, 2011, multiple pieces of correspondence have been returned as undeliverable to Santana.  Dkt. Nos 17-21.  The Court has not had direct contact with Santana since May of 2011 (Dkt. Nos. 5-6) or indirect contact with him since the payment of his partial filing fee on August

---

[2]"The IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] . . . ." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

24, 2011 (Dkt. Entry Dated 8/24/2011). Upon release from Bare Hill, Santana did not leave a forwarding address. Defs. Statement ¶ 7. Moreover, defendant was informed that Santana is not subject to supervision and has no way to establish his current address. Taylor-Scott Decl. (Dkt. No. 12-3) ¶¶ 7-8.

## II. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2(b). Additionally, Local Rule 10.1(c)(2) provides that "[a]ll . . . pro se litigants must immediately notify the Court of any change of address." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions" and, thus, failure to comply with these rules can lead to dismissal. Bourdon v. Walker, 453 F. Supp. 2d 594, 601 (N.D.N.Y. 2006) (citations omitted).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Santana has failed to communicate with opposing counsel or the Court for the past seven months. Santana is no longer incarcerated, is not on supervision, and has failed to leave any indication of where he is currently residing. While the duration of Santana's failure is not currently egregious, it is substantial, and no end to the inaction appears in sight. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Moreover, it is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. See Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.). Santana has failed in both regards. Indeed, Santana's failure leaves Warner and the Court without any way to serve him with orders or pleadings in the case as is necessary for its orderly progression.

The prejudice to Warner from Santana's continued failures results from Warner's inability to obtain discovery from Santana or to serve a dispositive motion. The costs for the time and expense of an attorney to defend this action in such circumstances is necessarily borne by Warner.

The need to alleviate court calendar congestion is also a concern. While this case, which is not unduly complex, has not been pending for an inordinate amount of time, there is still need for timely disposition of cases and the inability of Warner or the Court to contact

Santana is not conducive to the timely completion of this case. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions); see also Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq (mandating reduction in the delay and cost of civil cases). While this action had not been pending for an inordinate period of time, all evidence currently indicates that the delay will continue solely as the result of Santana's actions and inactions. Against this delay must be balanced Santana's right to due process. Santana's failure to maintain contact with opposing counsel or the Court has made impossible any recourse to permit Santana to respond to defendant's motion or otherwise proceed with the case. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Santana's repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case. In the absence of any reasonable method of contacting Santana in this case, no option except dismissal exists. Accordingly, Warner's motion should be granted on this ground.[3]

---

[3]Warner also moves for summary judgment on the ground that Santana failed to exhaust his administrative remedies. See Def. Mem. of Law (Dkt. No. 12-7) at 5-7. This ground relies on facts which may be disputed if Santana could be served with the motion. This, of course, has not occurred because Santana has left no method of contacting him. The facts regarding Santana's failure to prosecute and advise of the change of his address are beyond dispute, however. For this reason and given the disposition recommended herein, the alternative ground for Warner's motion need not be further addressed.

5

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Warner's motion for summary judgment (Dkt. No. 12) be **GRANTED** and the complaint be **DISMISSED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 29, 2011
       Albany, New York

_David R. Homer_
United States Magistrate Judge