UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADRIAN SANTANA,
                            Plaintiff,

    vs.                                            9:11-CV-443

M. WARNER, Registered Nurse,
Bare Hill Correctional Facility,
                            Defendant.
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

# DECISION & ORDER

## I.   INTRODUCTION

Plaintiff moves pursuant to Fed. R. Civ. P. 59(e) for reconsideration of that much of the Court's September 12, 2012 Decision and Order that denied his Fed. R. Civ. P. 60(b) motion. Dkt. # 34. Defendant has opposed the motion. Dkt. # 35. For the reasons that follow, the motion is denied.

## II.   BACKGROUND

### a.  Commencement of the Action

Plaintiff, originally proceeding pro se and formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), commenced this action on April 20, 2011. See Compl. dkt. # 1. The action was brought pursuant to 42 U.S.C. § 1983 and alleged that Defendant Warner, a nurse employed by

1

DOCCS, violated Plaintiff's constitutional rights under the Eighth Amendment by failing to provide proper medical treatment after Plaintiff smashed his finger in a door while incarcerated at Bare Hill Correctional Facility. Compl. Dkt. # 1. On April 21, 2011, the Court issued an order directing Santana to either prepay the filing fee of $350.00 in full or provide the clerk with a signed authorization form for $350.00 within 30 days of the filing date of that Order.  Santana provided the inmate authorization form on May 13, 2011, and on the same date moved for leave to proceed in forma pauperis. Dkt. # 5, # 6.  The Court granted the in forma pauperis motion on July 22, 2011, and in that Order stated, inter alia:

> Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action.**

 see Dkt. # 7 (emphasis in original).

**b.  Summary Judgment**

On August 19, 2011, Warner answered the Complaint, Dkt. # 10, and, on August 29, 2011, Warner moved for summary judgment pursuant to Fed. R. Civ. P. 56. See Dkt. # 12.  The summary judgment motion was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant 28U.S.C. § 636(b) and Local Rules 72.3(c).  Santana failed to respond to the motion.

On September 7 and September 8, 2011, the Court received back as "undeliverable" five pieces of mail sent to Plaintiff at his correctional facility address. See dkt. # 17 - # 21.  None of these were the July 22, 2011 Order that addressed the in forma pauperis application. On November 29, 2011, Magistrate Judge Homer issued his Report-

Recommendation and Order on Defendant's motion for summary judgment. See dkt. # 22. Magistrate Judge Homer recommended that Plaintiff's action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and N.D.N.Y.L.R. 41.2(a) because Santana failed to communicate with opposing counsel or the Court for seven months prior to the filing of the summary judgment motion,[1] and failed to comply with Local Rule 10.1(c) (2).[2] Upon reviewing the Report-Recommendation and Order, and absent objection from Plaintiff, the Court adopted Magistrate Judge Homer's recommendation and granted the motion for summary judgment thereby dismissing the Complaint in its entirety. See /26/12 Dec. & Ord., dkt. # 24; see also 1/26/12 Judgment, dkt. # 25.

### c. Rule 60(b) Motion, or, in the alternative, to Declare Dismissal was Without Prejudice

Plaintiff then moved, through counsel, for an order pursuant to Rule 60(b)(1) and (6) to vacate the dismissal and allow Plaintiff to proceed with the action.[3] Dkt. # 27. In the alternative, Plaintiff sought an order declaring that the dismissal was without prejudice so that Plaintiff could file a new action. Id. The basis for the motion was, essentially, that Plaintiff started his action while he was incarcerated with the aid of "jailhouse lawyers," and that due to Plaintiff's limited understanding of the English language and the fact that he was released from incarceration shortly after the Defendant answered the complaint, he did not know: (a) that a summary judgment motion had been made; (b) that a decision

---

[1] Magistrate Judge David R. Homer recommended that Defendant's motion be granted because of "Santana's repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case." Id., p. 5.

[2] Local Rule 10.1(c)(2) provides that "[a]ll . . . pro se litigants must immediately notify the Court of any change of address."

[3] Plaintiff also argued that if the action is revived, he should be granted leave to amend his Complaint.

3

had been rendered dismissing his case, and (c) that he was required to provide the Court and opposing counsel with a forwarding address upon his release from incarceration. Id. The Court considered the Rule 60(b)(1) portion of the motion under the four "excusable neglect" factors set forth in Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993), and held:

> Inasmuch as three of the four Pioneer factors tip in Defendant's favor, including the third Pioneer factor, the Court finds that Plaintiff has failed to establish excusable neglect sufficient to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1).

9/12/12 Dec. and Ord. p. 9. dkt. # 33. The Court also found no basis to vacate the judgment under Fed. R. Civ. P. 60(b)(6). Id. pp. 9-10.

On the nature of the dismissal, the Court ruled that the Fed. R. Civ. P. 41(b) dismissal was "with prejudice." See id. p. 10 (citing Fed. R. Civ. P. 41(b);[4] Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505–07 (2001) (An "adjudication on the merits" pursuant to Rule 41(b) operates to "bar[] the plaintiff from returning later, to the same court, with the same underlying claim."); Storey v. O'Brien, 2012 WL 1889408, at *1 (2d Cir. May 25, 2012)("[S]ince an adjudication on the merits, Fed. R. Civ. P. 41(b), is the functional equivalent of an order of dismissal with prejudice, the district court's dismissal is deemed with prejudice." )(internal quotation marks and citation omitted)).

---

[4]Federal Rule of Civil Procedure 41(b) provides in pertinent part:

**(b) Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b)(emphasis added).

4

### d. Current Motion

Plaintiff now moves pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the Court's September 12, 2012 Decision and Order. He argues that his case should not have been dismissed because the Pioneer factors weigh in his favor. Dkt. # 34. He also argues that if the action is re-instated, he should be allowed to amend his complaint. Id. Defendant has opposed the motion. Dkt. # 35.

### III. DISCUSSION

Plaintiff's motion for reconsideration is governed by Fed. R. Civ. P. 59(e). Reconsideration of a court's prior ruling is an "extreme remedy only to be employed sparingly in the interest of finality and conservation of scarce judicial resources." Stewart Park and Reserve Coal., Inc. v. Slater, 374 F. Supp.2d 243, 253 (N.D.N.Y. 2005). The standard for granting a motion for reconsideration is strict, and such a motion "is not a vehicle for reargument or asserting arguments that could and should have been made before [the order] was issued." Id.; see Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)( Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"). Simply stated, a motion for reconsideration will "not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." U.S. v.

5

Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

Upon reviewing Plaintiff's motion, the Court finds that reconsideration is not warranted. Plaintiff presents no meritorious basis to vacate the September 12, 2012 decision. He demonstrates no new change in controlling law, no new evidence, and no need for a correction of clear error of law to prevent a manifest injustice. Rather, Plaintiff merely reargues the issues addressed in the previous decision,[5] attempting to fill the gaps and take the proverbial second bite of the apple. This is insufficient. See Shrader, 70 F.3d at 257; Sequa, 156 F.3d at 144. Therefore, the motion is denied.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration [dkt. # 34] is **DENIED**. That part of Plaintiff's motion seeking to amend his complaint is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: November 20, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] Defendant's opposing Memorandum of Law correctly points out that the Court explicitly accounted for Plaintiff's lack of English language proficiency. Dkt. #35 at 3 (quoting 09/12/12/ Dec. & Ord. at 8 (". . .Plaintiff fails to present convincing evidence of his inability to read and understand English such to support his argument that his failure to communicate with opposing counsel and the Court about his change of address constituted excusable neglect.")).